FIRST TRUST CO. v. OGDEN CONSOL. COAL CO. (and five other cases).

(Circuit Court of Appeals, Eighth Circuit. August 12, 1918.)

Nos. 5065–5070.

JUDGMENT ☞714(3)—CONCLUSIVENESS—RES JUDICATA.
    A decree, finding that certain claims against a railroad company were entitled to priority over a mortgage, is not a conclusive adjudication that other and possibly similar claims were entitled to priority, but that question is open for adjudication.

Appeal from the District Court of the United States for the Northern District of Iowa.

Suit by the First Trust Company against the Crooked Creek Railroad & Coal Company, in which the Ogden Consolidated Coal Company, the Ft. Dodge, Des Moines & Southern Railroad Company, James E. McGrath, the Charles Younkee Lumber Company, G. W. & J. D. Fortney, and the National Sewer Pipe Company separately intervened. From decrees for interveners, complainant appeals. Reversed in part, and otherwise affirmed.

D. M. Kelleher, of Ft. Dodge, Iowa (B. J. Price and Clarence M. Hanson, both of Ft. Dodge, Iowa, on the brief), for appellant.

B. B. Burnquist and Frank Maher, both of Ft. Dodge, Iowa (Max Hemingway, of Webster City, Iowa, on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. These are appeals from decrees entered establishing the claims of the several appellees as prior liens to the lien of the trust company in a mortgage foreclosure case. By stipulation of counsel, they have been submitted on one record and have been briefed as one case.

An inspection of the record shows that there was no evidence offered tending in any way to establish the priority of the claims, except the decrees in cases Nos. 5062, 5063, and 5064, appealed to this court and this day decided. 252 Fed. 965, —— C. C. A. ——. The decrees that were offered in evidence were not res judicata of the questions involv-

ed in these cases. The fact that the Chicago & Northwestern Railway Company, the Illinois Central Railroad Company, and the Northern Pacific Railway Company had obtained a decree establishing the priority of the claims of said roads as against the lien of the trust company, did not determine the question as to whether there ought to be a priority allowed as to these claims. Of course, if the facts were the same, the court would probably follow its decision in the other cases; but no one could tell prior to the trial of these actions whether the facts would be the same or not. The trust company was entitled to defend each case as it came along. Moreover, we have this day decided in the other appeals that no reason existed for declaring priority as to the claims of the other roads, so the evidence in these cases failed for two reasons, first, the decrees were not res judicata, second, the portion of the same declaring a priority has been reversed, so it results that the decrees in the present cases must be reversed so far as they decide the claims of appellees to be superior to the lien of the trust company and otherwise affirmed, and it is so ordered.